UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **NATIONAL CREDIT UNION ADMINISTRATION BOARD AS LIQU** | **CASE NO. 5:21-CV-01081** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **HEARD MCELROY & VESTAL L L C** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the district court, is a motion to remand and an associated request for costs and fees filed by Defendant Heard McElroy & Vestal LLC ("HMV"). [doc. # 11]. The motion is opposed. For the following reasons, it is recommended that Defendant's motion to remand be GRANTED and that Defendant's request for costs and fees be GRANTED.

## Background

On November 25, 2020, the National Credit Union Administration Board as Liquidating Agent of the former Shreveport Federal Credit Union ("NCUAB") filed the instant action against HMV pursuant to LA. R.S. 37:114 in the First Judicial District Court for Caddo Parish. [doc. # 1-2]. NCUAB has asserted several tort and breach of contract claims against HMV in connection with two audits performed by HMV for NCUAB in its role as Liquidating Agent of the former Shreveport Federal Credit Union ("SFCU"). [doc. # 1-2, p. 5-6]. NCUAB seeks discovery and to have HMV submit to the accountant review panel process mandated by Louisiana law. [doc. # 1-2]. On April 1, 2021, HMV filed an exception of prescription, asserting that NCUAB's underlying claims have prescribed, and, therefore, their action for discovery and for an

accountant review panel should be dismissed. [doc. # 1-2, p. 6]. HMV alleges that the statute of limitations for NCUAB's underlying claims has expired pursuant to 12 U.S.C. § 1787 and Louisiana law. [doc. # 1-2, p. 6].

On April 22, 2021, NCUAB removed this case to federal court based on federal question jurisdiction under 28 U.S.C. § 1331. [doc. # 1, p. 3]. NCUAB alleges that HMV's affirmative defense of prescription and/or peremption is a civil action arising under the laws of the United States and that it has properly removed this action pursuant to 12 U.S.C. §1789(a)(2) and 28 U.S.C §§1331, 1345, and 1441. [doc. # 1]. On May 19, 2021, HMV timely filed a motion to remand on the basis that there is a defect in the removal procedure because 28 U.S.C. §§1441 and 1446 do not provide for removal by a plaintiff to federal court. [doc. # 11]. On June 10, 2021, NCUAB filed a memorandum in opposition. [doc. # 14]. HMV filed a reply on June 23, 2021. [doc. # 15]. Accordingly, this matter is ripe.

## Law and Analysis

Pursuant to 28 U.S.C. § 1447(c), the Court may grant a motion to remand if it finds it lacks subject matter jurisdiction over the suit, or if removal was procedurally defective. As explained more fully below, the Court has subject matter jurisdiction, but NCUAB's removal was procedurally defective and the case should therefore be remanded.[1]

---

[1] As a threshold issue, we must address NCUAB's erroneous statement that it has asserted "four independent legal bases" for removal: 12 U.S.C. §1789(a)(2) and 28 U.S.C. §§ 1331, 1345, and 1441. These four statues do not provide four independent avenues for removal; NCUAB has conflated the concepts of subject matter jurisdiction and removal jurisdiction.

Federal courts are courts of limited jurisdiction and must have subject matter jurisdiction to hear a case. Removal jurisdiction is the ability of a party to procedurally remove a case over which the federal court has original jurisdiction, i.e. subject matter jurisdiction, from state court to

1. **Federal question jurisdiction cannot be predicated on HMV's affirmative defense of prescription, but 12 U.S.C. §1789(a)(2) provides original jurisdiction over actions in which NCUAB is a party.**

HMV claims that NCUAB could have originally filed its action for discovery and review by an accountant panel in federal court,[2] but NCUAB claims that it could not have filed its action in federal court and that no federal question was raised until HMV filed its exception of prescription and/or peremption.

HMV's filing an exception of prescription does not provide federal question jurisdiction. Pursuant to 28 U.S.C. §1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. The Supreme Court has held that "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Renegade Swish, L.L.C. v. Wright*,

---

federal court. To remove a case from state to federal court, there must be both subject matter jurisdiction and removal jurisdiction.

Title 12, United States Code, Section 1789(a)(2) and Title 28, United States Code Sections, 1331 and 1345 grant federal district courts original jurisdiction, i.e. subject matter jurisdiction, over actions (1) to which NCUAB is a party, (2) that present a federal question, and (3) that are brought by a federal agency, respectively.  Title 28, United States Code, Section 1441, on the other hand, does not provide original jurisdiction but rather provides for the removal of an action over which the Court has original jurisdiction.

Although 12 U.S.C. §1789(a)(2) states that NCUAB may remove an action "by following any procedure for removal now or hereafter in effect," this section does not provide an *additional* removal procedure independent of § 1441. Rather, §1789(a)(2) provides that NCUAB may remove pursuant to any *existing* removal procedure, i.e. § 1441 for civil actions, and that the removal may be without bond or security. Thus, though NCUAB cites three statutes granting original jurisdiction, it cites only one statute granting removal jurisdiction: 28 U.S.C. § 1441.

[2] HMV alleges that NCUAB could have filed this action in federal court originally under LA. R.S. 37:114 and 116. This statement is incorrect. The Louisiana legislature cannot grant federal subject matter jurisdiction.

857 F.3d 692, 695–96 (5th Cir. 2017)(quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983)). The well-pleaded complaint rule provides:

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

In addition,"[t]he well-pleaded-complaint rule also governs whether a case is removable from state to federal court pursuant to 28 U.S.C. § 1441(a)[.]" *Id.* at 697 (quoting *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 n.2 (2002)).

In evaluating whether an affirmative defense can satisfy the well-pleaded complaint rule and provide subject matter jurisdiction, the Supreme Court has held that "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)(citing *Franchise Tax Board of Cal.,* 463 U.S. at 12); *see also Holmes Group, Inc.*, 535 U.S. at 831; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). Thus, HMV's exception of prescription and/or peremption under federal law does not confer federal subject matter jurisdiction because it is an affirmative defense[3] and does not satisfy the well-pleaded complaint rule.

---

[3] Prescription and/or peremption are affirmative defenses. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

However, NCUAB could have originally filed this suit in federal court under 12 U.S.C. § 1789(a)(2) and/or 28 U.S.C. § 1345. Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Pursuant to 12 U.S.C. § 1789 (a)(2), "[a]ll suits of a civil nature at common law or in equity to which [NCUAB] shall be a party shall be **deemed to arise under the laws of the United States**, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy." 12 U.S.C. § 1789 (a)(2)(emphasis added). Accordingly, the court has federal question subject matter jurisdiction over any civil action to which NCUAB is a party, and NCUAB therefore could have filed its original petition in this court instead of in state court.

Likewise, 28 U.S.C. § 1345 provides that "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." NCUAB is an agency of the United States, is expressly authorized to sue pursuant to 12 U.S.C. § 1789 (a)(2), and it commenced this proceeding. Thus, there is federal subject matter jurisdiction over NCUAB's action for discovery and review by an accountant panel, and NCUAB could have filed this suit in federal court originally. However, though there is subject matter jurisdiction in this case, removal jurisdiction is defective.[4]

2. **NCUAB cannot remove this action to federal court under 12 U.S.C. §1789(a)(2) and/or 28 U.S.C. §1331 or §1345 because pursuant to the applicable removal**

---

[4] As explained more fully in n.1, *supra*, these statutes do not establish that the *removal* was proper, only that the federal courts have original jurisdiction and NCUAB could have filed this suit in federal court in the first instance.

**procedure, a plaintiff may not remove its own action absent realignment of the parties.**

In the Fifth Circuit, any objection to removal that does not involve whether the action could have originally been brought in federal district court is a procedural error that may be waived by a litigant's failure to object to removal within the thirty-day period provided in § 1447(c), rather than a lack of subject matter jurisdiction. *Wachovia Bank, N.A. v. PICC Prop. & Cas. Co.,* 328 Fed. App'x 946, 948 (5th Cir. 2009)(citing *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 787 (5th Cir. 1993)). Under 12 U.S.C. § 1789 (a)(2), NCUAB may "sue and be sued, complain and defend, in any court of law or equity, State or Federal." 12 U.S.C. § 1789 (a)(2). It has been established that NCUAB could have filed its action in federal court originally under 12 U.S.C. § 1789 (a)(2) or 28 U.S.C. § 1345, but instead chose to file in state court.[5] The statute further provides that NCUAB "may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district or division embracing the place where the same is pending **by following any procedure for removal now or hereafter in effect**." *Id.* (emphasis added).

The parties do not dispute that 28 U.S.C. § 1441 governs the removal of this action.[6] In general, the law does not provide for a plaintiff to remove his own case to federal court when he

---

[5] NCUAB vehemently denies that it could have filed its suit in federal court originally, but the law cited by NCUAB states explicitly that the United States district courts have original jurisdiction over actions to which NCUAB is a party, 12 U.S.C. 1798(a)(2), and over actions commenced by agencies of the United States, 28 U.S.C. § 1345; accordingly, NCUAB could have filed its action in federal court originally. The objection to NCUAB's removal because it is a plaintiff is based on procedural error in the removal.

[6] Although NCUAB alleges it has asserted four separate aveunes for removal, it has in fact alleged three bases for subject matter jurisdiction and one avenue for removal. *See* n.1, *supra*.

has already filed in state court. Removal from state to federal court is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed **by the defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a)(emphasis added). *See also* 28 U.S.C. § 1446 (providing a removal procedure for defendants, but not mentioning any removal procedure for plaintiffs); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106-07 (1941) (discussing history of removal statutes and the Act of 1887, which eliminated a procedure for removal by plaintiffs).

NCUAB argues that, although it filed suit in state court as a plaintiff, removal is nevertheless proper because HMV's exception of prescription filed in state court effectively realigned the parties and rendered NCUAB a defendant. For purposes of removal, federal law determines who is the plaintiff and who is the defendant. *Chicago R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 575, 580 (1954); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941). The Supreme Court has set forth a test to determine which party is the defendant for purposes of removal. *Mason City & Fort Dodge Railroad Co. v. Boynton*, 204 U.S. 570 (1907). The plaintiff is the party whose intent to achieve a particular result, such as the recovery of property or money, is the "mainspring of the proceedings," and who is responsible for the continued existence of the action. *Id.* at 579–80. The party opposing or resisting the plaintiff's claim is the defendant, who may remove. *Id.*

Here, NCUAB is the plaintiff because it is the party whose intent is to achieve a particular result and is the reason for the continued existence of this action. NCUAB filed this action to obtain discovery from HMV regarding underlying claims against it[7] and to force HMV to submit to a public accountant review panel in accordance with Louisiana law. While HMV has asserted an affirmative defense of prescription and/or peremption of the underlying claims, this is merely an act in opposition to NCUAB's main cause of action and is not a reason for the continued existence of the action. A "plaintiff" against whom a counterclaim or affirmative defense is asserted does not thereby become a "defendant" within the meaning of the removal statutes. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106 (1941). There has been no motion for realignment nor an agreement to realign the parties, and the Court finds that realignment is not appropriate under these circumstances because the overriding purpose of the lawsuit at the time it was removed is for NCUAB to compel HMV to participate in discovery and a review panel in connection with underlying tort and contract claims against HMV. *See Hickman v. Alpine Asset Mgmt. Grp., LLC,* 919 F. Supp. 2d 1038, 1043 (W.D. Mo. 2013) ("Any realignment that may be granted by the federal court must be done in light of the overriding and predominate purpose of the lawsuit at the time it was removed to federal court.")

Accordingly, NCUAB is the plaintiff in this action and is not a party that can properly remove the action to federal court. HMV filed its motion to remand within the requisite 30-day period under 28 U.S.C. § 1447(c); thus, the motion to remand based on this procedural error should be granted.

---

[7] NCUAB's underlying claim against HMV is for tort and breach of contract for alleged errors and omissions relating to two audits performed by HMV for NCUAB. [doc. # 1-2, p. 6].

3. **Attorneys' fees should be awarded to HMV because NCUAB did not have an objectively reasonable basis for removal.**

HMV seeks attorney's fees and costs for filing its motion to remand. An order remanding a case to state court may require payment of "just costs and any actual expenses, including attorney fees," that were incurred as a result of removal. 28 U.S.C. § 1447(c). However, the Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

Here, NCUAB did not have an objectively reasonable basis for removal. The argument that a plaintiff can remove its own action to federal court is not supported by the case law or by statute, and the Fifth Circuit has explicitly rejected the notion that a plaintiff can remove its own action absent realignment of the parties. *See Renegade Swish, L.L.C.*, 857 F.3d at 701. Therefore, the undersigned finds it appropriate that HMV should be awarded attorneys' fees and costs for filing its motion to remand. However, HMV has made no attempt to quantify "just costs" or to provide evidence of "any actual expenses, including attorney fees." Thus, the undersigned recommends that an award be made if and only if such evidence is submitted during the fourteen-day period for filing objections to this Report and Recommendation.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that HMV's motion to remand be GRANTED and this case remanded to the First Judicial District Court for Caddo Parish, State of Louisiana. 28 U.S.C. § 1447(c).

IT IS FURTHER RECOMMENDED that HMV's request for attorneys' fees be

GRANTED if and only if HMV provides supporting evidence to quantify its just costs and any actual expenses related to the filing of the instant motion.  If HMV fails to provide such supporting evidence, then the undersigned recommends that the request for attorneys' fees be denied.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FED. R. CIV. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 28th day of June, 2021.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE